## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUMMIT CANYON RESOURCES, LLC,<br><br>    Plaintiff<br><br>v.<br><br>JAMES R. BARKER, as Trustee for The James R. Barker Living Trust dated October 9, 2000, et al.,<br><br>    Defendant | 2:15-cv-02167-JAD-GWF<br><br>**Order Granting Plaintiff's Motion to Remand and Denying Plaintiff's Motion for an Award of Costs and Attorney's Fees**<br><br>[ECF 8] |

    This case arises from an HOA-lien foreclosure sale of real property purchased by plaintiff Summit Canyon and previously owned by the James R. Barker Living Trust.[1] Seeking to quiet title, Summit Canyon sued trustee James Barker and Ocwen Loan Servicing, the then-servicer of the loan secured by a first deed of trust held by the Federal Home Loan Mortgage Corporation ("Freddie Mac").[2] In September of 2015, five months after Summit Canyon served Ocwen with the complaint and summons, Ocwen assigned its interest in the deed of trust to Residential Credits Solutions ("RCS").[3] In mid-October, the state court, per a stipulation between the parties, ordered RCS substituted in place of Ocwen as a defendant.[4] Nearly a month later, RCS removed the case to federal court based on federal-question jurisdiction.[5]

    Summit Canyon now moves to remand, arguing that the removal is untimely because RCS removed the case nearly seven months after Summit Canyon served Ocwen, instead of within the thirty days allowed under 28 U.S.C. § 1446.[6] Summit Canyon further argues that its

---

[1] ECF 8 at 2–3.

[2] *Id.* at 3; ECF 11 at 3.

[3] ECF 8 at 4.

[4] *Id.*

[5] ECF 1 at 1.

[6] ECF 8 at 5–7.

claim raises no federal question because Freddie Mac, which may remove claims against it to federal court, is not a party to this case.[7] Finally, Summit Canyon moves for attorney's fees and costs, arguing that RCS lacked any objectively reasonable basis for seeking removal.[8] RCS responds that the 30-day window opened the day that RCS substituted in place of Ocwen as a defendant.[9] RCS further argues that, as the servicer for a Freddie Mac loan, it gets the benefit of the federal law that allows Freddie Mac to remove a case any time before trial.[10]

I grant Summit Canyon's motion to remand because a substituted defendant is bound by the actions or omissions of its predecessor, so Ocwen's failure to remove this case within 30 days of service is binding on RCS. Additionally, Freddie Mac's extended removal period is inapplicable because the relevant statute explicitly limits this provision to cases in which Freddie Mac is a party. Therefore, I grant the portion of Summit Canyon's motion seeking to remand this action back to state court, but I decline to award Summit Canyon costs or attorney's fees because the purposes for awarding them under 28 U.S.C. § 1447(c) will not be served under these circumstances.

**Legal standard**

A defendant may remove a case to federal court based on the court's jurisdiction over federal questions because "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[11] A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law."[12] Because federal district courts are courts of limited jurisdiction, they "presume[] that a cause lies

---

[7] *Id.* at 7–8.

[8] *Id.* at 8–9.

[9] ECF 11 at 5–7.

[10] *Id.* at 8–10.

[11] 28 U.S.C. §§ 1331; 1441(a).

[12] *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

outside this limited jurisdiction," and the party asserting federal jurisdiction "always has the burden of establishing that removal is proper."[13]

## Discussion

**A. RCS's removal is untimely because, as a substituted defendant, RCS is bound by the original defendant's failure to remove the case within 30 days of service.**

After Ocwen assigned its interest in the deed of trust to RCS, the state court substituted RCS as a defendant under Nevada Rule of Civil Procedure 25(c), which is nearly identical to FRCP 25(c).[14] In subsequent filings, RCS has referred to itself as the "intervenor defendant."[15] However, party intervention is a separate procedure,[16] and the state court ordered that RCS "be substituted in the place and stead of Ocwen."[17] RCS is thus a substituted defendant.[18]

Under 28 U.S.C. § 1446, a defendant may remove a case to federal court within 30 days of the plaintiff serving the defendant with the complaint and summons. RCS argues that, because it became a party only after Summit Canyon filed suit, the proper trigger date for the 30-day removal period is the date that the state court allowed RCS to substitute in as a defendant.[19] RCS filed its notice of removal within 30 days of that order. Summit Canyon responds by citing several federal district court cases holding that, "when a defendant is substituted for a prior

---

[13] *Gaus v. Miles, Inc.*, 980 F.2d 564, 568 (9th Cir. 1992); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[14] ECF 14 at 4.

[15] *See, e.g.*, ECF 11 at 1.

[16] *See* Nev. R. Civ. P. 24; Fed. R. Civ. P. 24.

[17] ECF 14 at 13.

[18] *See In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (holding that substitution, rather than intervention or joinder, is the proper procedure when a party transfers its interest).

[19] ECF 1 at 2; ECF 11 at 6.

defendant, the time period to remove does not restart for the substituted defendant."[20]  RCS counters by merely stating that these cases are not binding and arguing that allowing removal will not prejudice Summit Canyon.

The Ninth Circuit has, however, addressed the effect of prior party actions or omissions on substituted defendants.  In *In re Bernal*, the court held that a party substituted under FRCP 25(c), after being transferred an interest, was bound by the entry of default against the original defendant.[21]  The court explained that the rule "is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands."[22]  The substituted defendant "must therefore stand in [the original defendant's] shoes with respect to all phases of litigation."[23]  RCS, by stepping into Ocwen's shoes as the servicer for the first deed of trust, is bound by Ocwen's decision not to remove this case within 30 days of service of the summons and complaint.

**B.    RCS does not get the benefit of Freddie Mac's extended removal period.**

Freddie Mac's chartering statute allows this federal entity to remove a case "at any time before the trial . . . ."[24]  RCS argues that, as the servicer of a Freddie Mac-held deed of trust, it gets the benefit of this provision because the statute "does not expressly limit the ability of other

---

[20] ECF 8 at 6 (citing *First Nat'l Bank & Trust Co. in Great Bend v. Nicholas*, 768 F. Supp. 788 (D. Kan. 1991); *Iulianelli v. Lionel, LLC.*, 183 F. Supp. 2d 962 (E.D. Mich. 2002); *Brown v. New Jersey Mfrs. Ins. Grp.*, 322 F. Supp. 2d 947 (M.D. Tenn. 2004)).

[21] *In re Bernal*, 207 F.3d at 598.

[22] *Id*. (internal quotation marks omitted) (quoting *Collateral Control Corp. v. Deal*, 638 F.2d 1362, 1364 (5th Cir.1981)).

[23] *Id*. (quoting *Deauville Assoc. v. Murrell*, 180 F.2d 275, 277 (5th Cir. 1950)); *see also* 6-25 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE - CIVIL § 25.36 (2015) (citing numerous circuit court cases for the proposition that a substituted "party steps into the procedural position of the original party . . . [and] is bound by any actions already taken by the predecessor and by any orders in the case").

[24] 12 U.S.C. § 1452(f).

parties . . . to remove."[25] Without providing any analysis, RCS cites two cases, including a U.S. Supreme Court decision, to support this assertion.[26] But both cases merely address whether a third party acting on behalf of an interest's owner (e.g., a collection agency or mortgage servicer) has standing to file suit;[27] they do not support the broader proposition that a servicer of a Freddie Mac loan steps into its shoes and is thus eligible for the extended removal period. Indeed, this proposition is inconsistent with the scope of the statute, which explicitly limits the removal provision to cases "to which [Freddie Mac] is a party" and allows these cases to "be removed by [Freddie Mac]."[28] Freddie Mac is not a party in this case, and RCS cannot borrow its extended removal period.

**C.  Because RCS's removal was untimely, the question of whether this case presents a federal question is moot.**

Summit Canyon argues that Freddie Mac's interest in this case, as the holder of the first deed of trust at issue, does not create a federal question and that federal subject-matter jurisdiction is therefore lacking.[29] But even if a federal question exists, RCS's removal was untimely, and the case cannot be heard in federal court. This issue is therefore moot.

**D.  Attorney's fees and costs are not warranted.**

Finally, I consider Summit Canyon's request for attorney's fees and costs. Under 28 U.S.C. § 1447(c), a party may receive attorney's fees and costs related to improper removal. The purpose of awarding attorney's fees and costs under § 1447(c) is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress's basic decision to afford defendants a right to remove as a general

---

[25] ECF 11 at 8.

[26] *Id.* at 9.

[27] *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008); *CWCapital Asset Mgmt., LLC v. Chicago Props., LLC*, 610 F.3d 497 (7th Cir. 2010).

[28] 12 U.S.C. § 1452(f)(3).

[29] ECF 8 at 7.

matter, when the statutory criteria are satisfied."[30] "[T]he standard for awarding fees [under § 1447(c)] should turn on the reasonableness of removal."[31] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[32] The objectively reasonable standard looks "to the clarity of the law at the time of removal."[33]

RCS's arguments for removing this case were not unreasonable. No case within this circuit directly addresses a substituted defendant's attempt to remove a case after the 30-day period, and even Summit Canyon did not cite the Ninth Circuit decision that has guided my reasoning. Although RCS did not cite adequate support for its extended-removal-period argument, the relationship between Freddie Mac-held first deeds of trust, servicers, and state-law foreclosures is a still-developing and complex area of law. RCS's argument was therefore not objectively unreasonable, so I deny Summit Canyon's request for an award of attorney's fees and costs.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Summit Canyon's Motion to Remand [ECF 8] is GRANTED**. **This case is remanded back to the Eighth Judicial District Court, Case No. A-15-715161-C**, **Dept. 30**, and the Clerk of the Court is instructed to **close this case**. **Summit Canyon's motion for attorney's fees and costs [ECF 8] is DENIED**.

DATED: February 23, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[30] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

[31] *Id.* at 141.

[32] *Id.*

[33] *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141).